United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM SENIOR,

Plaintiff,

v.

ADECCO USA, INC.,

Defendant.

_______________________________/

No. C 04-2197 PJH

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Plaintiff's motion to remand came on for hearing before this court on April 27, 2005. Plaintiff appeared by his counsel Daniel Feinberg and Kelly Dermody, and defendant appeared by its counsel Charles Barker. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court GRANTS the motion as follows, and for the reasons stated at the hearing.

Plaintiff filed this action as a proposed class action in the Superior Court of California, County of San Francisco, alleging that defendant's vacation forfeiture policy violates statutory and common law of California. Defendant removed the case, alleging that plaintiff's state law claims were completely preempted by ERISA, because defendant had established a vacation plan, the Adecco Personal Time Off Benefits Plan for Regular Employees ("PTO Plan"), which qualified as a employee benefit plan under ERISA.

Defendant bears the burden of establishing that the plaintiff's state law claims are completely preempted and that this court has subject matter jurisdiction. See Gaus v. Miles,

United States District Court
For the Northern District of California

980 F.2d 564, 566 (9th Cir. 1992). If the court finds that a removing defendant has not met its burden, the court must grant the plaintiff's motion to remand. Id. Here, the court finds that defendant has not met its burden of showing that the Adecco PTO Plan was an ERISA plan, rather than a "payroll practice" under the applicable Department of Labor regulation, 29 C.F.R. § 2510.3-1(b).

Defendant claimed that it had established a trust, and that the vacation pay plan was funded from that trust. However, the evidence showed that the bank accounts used by defendant to fund the vacation payments may not have been owned by the PTO trust. Specifically, the federal employer identification numbers (EINs) under which the accounts were established were the EINs of the corporation, in four instances, and of the Health and Welfare Trust, in a fifth instance.

Accordingly, the court finds that the case must be remanded to the San Francisco Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 9, 2005

/s/
PHYLLIS J. HAMILTON
United States District Judge